IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

**UNITED STATES OF AMERICA**

v.                                              **CRIMINAL NO. 5:18-CR-00026-9**

**WILLIAM EARLEY, D.O.**

**NOTICE OF THE UNITED STATES OF AMERICA
OF POTENTIAL CONFLICT OF INTEREST**

Comes now the United States of America by Assistant United States Attorney, Monica D. Coleman, and hereby files this notice with the Court of a potential conflict of interest of counsel for defendant in the above styled case.

### A. *Rules Governing Conflicts*

The United States believes that a conflict of interest may exist in defense counsel's representation of defendant William Earley pursuant to West Virginia Rules of Professional Conduct 1.7 and 1.9. West Virginia Rule of Professional Conduct 1.7 provides the rule that covers the general conflict of interest. This rule states as follows:

> **Client-Lawyer Relationship**
> **RULE 1.7 Conflict of Interest: General Rule**
>
> (a)    A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
>
>        (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
>
>        (2) each client consents after consultation.
>
> (b)    A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:

>   (1) the lawyer reasonably believes the representation will not be adversely affected; and
>
>   (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Rule 1.9 of the West Virginia Rules of Professional Conduct details an attorney's duties to a former client. That rule states in pertinent part as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter:
>
>   (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client consents after consultation; or
>
>   (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client or when the information has become generally known.

*See* W.Va. Rule of Prof. Conduct 1.9 (a) and (b).

### B. Factual Background

On February 15, 2018, a federal grand jury sitting in Charleston, West Virginia, returned a sixty-nine-count indictment charging William Earley, D.O., with violations of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 1956(h). On March 1, 2018, Wesley P. Page, of Flaherty, Sensabaugh, Bonasso PLLC, entered his notice of appearance as counsel for defendant Earley.

On March 16, 2018, the United States filed its Response to Defendants' Request for Standard Discovery Requests and Request of the United States for Reciprocal Discovery. ECF No. 159. Contained within that discovery response were two interview reports of Chad Turner, M.D. and Samia Ghareeb Turner, M.D., as well as, Dr. Chad Turner's prior testimony. Chad and Samia

Turner worked as physicians at the Charleston HOPE Clinic and are expected to testify at trial as witnesses for the United States.

On June 12, 2018, a federal grand jury in Charleston, West Virginia, returned a 101-count Second Superseding Indictment against defendant William Earley and his co-conspirators alleging violations of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 1956(h) as to defendant Earley.

On June 14, 2018, counsel for the United States received a call from Salem Smith, also of Flaherty Sensabaugh Bonasso PLLC, stating that he represented Dr. Chad Turner on a notice that he received. The notice indicated that a former patient of HOPE Clinic intended to file a malpractice suit against Chad Turner and other physicians relating to the patient's treatment at HOPE Clinic. Mr. Smith asked if counsel for the United States could provide him with any information relating to Dr. Turner's cooperation with the United States. Counsel for the United States informed Mr. Smith that no information could be provided because of the pending prosecution but that Dr. Turner would be a witness at trial and referred him to the public docket.

Upon realizing that Mr. Smith and Mr. Page both worked at the same firm, counsel for the United States sent both counsel an email on June 15, 2018, raising the issue of the potential conflict of interest in their continued representation of Dr. Chad Turner and Dr. William Earley. *See* Exhibit 1, Email Dated 6/15/18. On June 18, 2018, the United States received a response email from Mr. Smith stating, "My firm has conducted an appropriate conflict analysis concerning the representation of Dr. Early and Dr. Turner and has concluded that no conflict exists. My firm has also taken appropriate steps pursuant to the applicable rules of professional conduct with respect to the conflict analysis." *See* Exhibit 1, Email dated 6/18/2018. The United States responded by

3

email on June 19, 2018, asking to discuss the matter further with both Mr. Smith and Mr. Page on a conference call. *See* Exhibit 1, Email dated 6/19/2018.

On June 21, 2018, the undersigned counsel; Assistant United States Attorney Meredith Thomas; Salem Smith, counsel for Dr. Chad Turner; Wesley Page, counsel for William Earley; and Jeffery Wakefield, General Counsel for Flaherty, had a conference call to discuss the potential conflict. During the call, Mr. Wakefield did all of the speaking for Flaherty and indicated that their firm did not believe there was a conflict. He further indicated that Mr. Smith also represented Dr. Samia Turner and that Mr. Smith had been able to resolve the case against both Chad Turner and Samia Turner by getting plaintiff's counsel to agree not to name the Turners in the lawsuit so that the Turners would be a former client by the time of trial.

AUSA Thomas and the undersigned both indicated that the United States believed there was a conflict between the Turners and defendant Earley. For example, the United States pointed to Dr. Chad Turner's anticipated testimony that directly inculpates defendant Earley. As explained to counsel in the call and as indicated in the disclosed discovery, Dr. Chad Turner is expected to testify that the practitioners that came before him at HOPE Clinic (defendant Earley is one) over prescribed, prescribed to patients with numerous drug failures, prescribed two-short acting opiates, and failed to keep adequate records. Dr. Turner will state that in his opinion, those doctors' practice, defendant's included, was outside the standard of care. Mr. Wakefield asked for additional time to evaluate the conflict in light of the United States' proffer of Dr. Turner's expected testimony.

On June 27, 2018, Mr. Wakefield called the United States and stated that his firm was still analyzing the potential conflict. He stated that they were analyzing it under Model Rule 1.9 and believed that if Dr. Turner consented, there was no conflict.

On July 3, 2018, Mr. Wakefield called and stated that Dr. Chad Turner had signed a written waiver pursuant to Rule 1.9 and, therefore, they did not believe there was a conflict. No mention was made of whether Dr. Samia Turner had also signed a written waiver. Mr. Wakefield also stated that they had received consent from defendant Earley. On July 5, 2018, the United States received a written letter from Mr. Wakefield explaining their analysis of the conflict issue. *See* Exhibit 2, Letter dated July 3, 2018.

In preparation for trial, the United States has recently spoken with Chad and Samia Turner (after Mr. Smith ceased representing them). It is clear that neither Chad nor Samia Turner spoke with independent counsel prior to waiving the conflict and it is unclear whether either of them understood the nature of the conflict or the consequences of waiving the conflict.

The United States has informed Mr. Wakefield of its obligation to protect the integrity of the prosecution and of its obligation to bring any potential conflict of interest to the attention of the Court for resolution and preservation of the record. *See United States v. Lara Alvarez*, 96 Fed. Appx. 166, 170 (4th Cir. 2004) (where defense counsel for a drug dealer represented a drug purchaser in an unrelated case, and the drug purchaser allegedly paid an attorney to represent the drug dealer, "the government had a duty to bring to the district court's attention the potential conflict of interest," which it did) (citing *United States v. Tatum*, 943 F.2d 370, 379-80 (4th Cir. 1991)); *see also United States v. Stantini*, 85 F.3d 9, 13 (2d Cir. 1996)("Convictions are placed in jeopardy and scarce judicial resources are wasted when possible conflicts are not addressed as

5

early as possible."); *United States v. Malpiedi*, 62 F.3d 465, 470 (2d Cir. 1995) (government should inform court of potential conflicts "at the earliest possible moment"); *United States v. Levy*, 25 F.3d 146, 152 (2d Cir. 1994) (when case was reassigned to new judge, and the government had raised the conflict with the original judge, the government should have informed the new judge as well.)

Because the United States has an interest in conflict-free counsel in order to protect the integrity of the prosecution, the United States is filing this notice with the Court regarding defense counsel's potential conflict of interest in this case so that this issue may be resolved prior to trial.

        Respectfully submitted,

        MICHAEL B. STUART
        United States Attorney

By:    s/Monica D. Coleman
        Assistant United States Attorney
        WV State Bar Number 8536
        Attorney for United States
        P.O. Box 1713
        Charleston, WV 25326
        Phone: 304-345-2200
        Fax: 304-347-5104
        E-mail: monica.coleman@usdoj.gov

CERTIFICATE OF SERVICE

    It is hereby certified that the foregoing "NOTICE OF THE UNITED STATES FOR THE COURT OF POTENTIAL CONFLICT OF INTEREST" has been electronically filed and service has been made by virtue of such electronic filing this the 24th day of July 2018, to:

    Wesley P. Page
    Flaherty Sensabaugh Bonasso PLLC
    200 Capitol Street
    P. O. Box 3843
    Charleston, WV 25338-3843
    Email:   wpage@flahertylegal.com

                        s/Monica D. Coleman
                        MONICA D. COLEMAN
                        Assistant United States Attorney
                        WV State Bar No. 8536
                        300 Virginia Street, East
                        Room 4000
                        Charleston, WV   25301
                        Phone: 304-345-2200
                        Fax: 304-347-5104
                        E-mail: monica.coleman@usdoj.gov