

**Flaherty**<sup>SM</sup>

FLAHERTY | SENSABAUGH | BONASSO PLLC

CHARLESTON
CLARKSBURG
MORGANTOWN
WHEELING

Jeffrey M. Wakefield

JWakefield@flahertylegal.com

July 3, 2018

Monica D. Coleman, Esquire
Assistance United States Attorney
Southern District of West Virginia
Robert C. Byrd U.S. Courthouse
300 Virginia Street, E., Suite 4000
Charleston, WV 25301

   Re:  **Potential Conflict**

Dear Ms. Coleman:

   This letter follows the various communications you have had with members of Flaherty Sensabaugh Bonasso, PLLC ["Flaherty"], including the undersigned, about the firm's representation of Dr. William Early and Dr. Chad Turner. Specifically, Flaherty sets forth below its position on whether any conflict exists which would require the firm to terminate the representation of an existing client.

   On June 15, 2018, you e-mailed Salem C. Smith and Wesley P. Page of the firm. In that e-mail, you advised that the United States was bringing to the attention of the firm a potential conflict of interest in the representation of Dr. Early and Dr. Turner. You referred to Rules 1.7 and 1.10 of the Model Rules of Professional Conduct in citing the potential conflict. You further requested written assurance that the firm had adequately addressed the conflict and whether our clients had consented to the continued representation.

   Mr. Smith responded to your e-mail on June 18, 2018. In his response, he assured you that Flaherty had conducted an appropriate conflict analysis concerning the representation of Dr. Early and Dr. Turner and had concluded that no conflict existed. Mr. Smith further advised that Flaherty had taken appropriate steps pursuant to the applicable rules of professional conduct with respect to the conflict analysis. Despite this response, you requested the opportunity to further discuss the potential conflict issue with the firm.

   The firm subsequently had a telephone conference with the United States on June 21, 2018. In that call, you elaborated on the basis for raising the potential conflict. Specific citation was made to the comments to Rule 1.7 of the Rules of Professional Conduct which identify a conflict as arising when a lawyer is required to cross examine a client who appears as a witness in a lawsuit involving another client and the testimony will be damaging to the client who is represented. There was further discussion as to the adverse testimony expected from Dr. Turner in the criminal prosecution of Dr. Early. During the call, I advised that the representation of Dr. Turner would soon cease and that whenever a potential conflict might arise, the operative rule of professional conduct was that which governs duties to former clients. We ended the telephone conference with an agreement that Flaherty would re-visit the conflict analysis in light of the information discussed in the call and advise the United States as to its position on the conflict issue.

# Flaherty℠

FLAHERTY | SENSABAUGH | BONASSO PLLC

Monica D. Coleman, Esquire
July 3, 2018
Page 2

As I indicated in our telephone conversation of June 27, 2018, Flaherty has reviewed the conflict issue again and has concluded that no conflict of interest exists which would require the termination of the representation of an existing client. In support of this position, I would note that the representation of Dr. Chad Turner has ended. Mr. Smith successfully persuaded an attorney not to name Dr. Turner as a defendant in a medical professional liability action. Given that the representation has ended, any issue of whether a conflict of interest would arise in connection with Mr. Page's continued representation of Dr. Early would unquestionably be governed by Rule 1.9 of the Rules of Professional Conduct. This is true not only because the representation of Dr. Turner has ended, but also because any need for Mr. Page to cross examine Dr. Turner will not arise unless and until there is a trial of the criminal action involving Dr. Early.

Rule 1.9 provides:

> (a) A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.
>
> (b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client,
>
> (1) whose interests are materially adverse to that person; and
>
> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter; unless the former client gives informed consent, confirmed in writing.
>
> (c) A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
> (1) use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known; or
>
> (2) reveal information relating to the representation except as these Rules would permit or require with respect to a client.

As the rule provides, a lawyer may represent a person in a same or substantially related matter even if that person's interests are materially adverse to the interest of a former client if the former client gives informed consent, confirmed in writing. Flaherty has discussed the matter with Dr. Turner and informed consent, confirmed in writing, has been obtained.



FLAHERTY I SENSABAUGH I BONASSO  PLLC

Monica D. Coleman, Esquire
July 3, 2018
Page 3

Moreover, there is no information relating to the representation of Dr. Turner which could or should be used in the representation of Dr. Early to the disadvantage of Dr. Turner. Thus, Flaherty believes that the continued representation of Dr. Early by Mr. Page is appropriate and not violative of any of the rules of professional conduct.

You had indicated at one point that the United States may be compelled to bring the potential conflict issue to the attention of the District Court. Given the current status of the firm's representation of Dr. Early and Dr. Turner, as well as the applicability of Rule 1.9 of the Rules of Professional Conduct, Flaherty believes there is no basis to bring the matter to the attention of the District Court.

Please let me know if you wish to discuss this issue further.

Sincerely,

Jeffrey M. Wakefield
General Counsel

JMW/sls
00999-00092

