IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              CRIMINAL ACTION NO. 5:18-cr-00026-09

WILLIAM EARLEY,

        Defendant.

**ORDER**

On February 3, 2020, came the Defendant, William Earley, in person and by counsel, Isaac Forman, and also came the United States by Assistant United States Attorney Monica Coleman for purposes of the Defendant's entry of a plea of guilty to Count Fourteen (14) of the Third Superseding Indictment.

The Court inquired of the Defendant, both personally and through counsel, to determine his competency. The Court found the Defendant competent and capable of entering an informed plea.

Counsel for the United States summarized and offered for the Court's consideration the entirety of the written plea agreement signed by both the Defendant and his counsel. The Court reserved acceptance of the plea agreement until sentencing but ordered the original plea agreement filed with the Clerk.

The Defendant waived the reading of the Indictment. The Court inquired as to the Defendant's plea. The Defendant then pled guilty to Count Fourteen (14) of the Third Superseding Indictment.

The Court read the pertinent portion of 18 U.S.C. § 841(a)(1) and explained the elements that the United States would have had to prove had this matter gone to trial. After hearing and considering the Defendant's explanation of why he considered himself guilty and the proffer of the United States, and having considered the parties' Stipulation, the Court found that there was a sufficient factual basis for the Defendant's plea of guilty.

The Court further informed the Defendant, pursuant to the requirements of *Fed. R. Crim. P.* 11(c)(1), about the nature of the charge and the consequences of pleading guilty to the charge. After thoroughly explaining these issues and hearing and considering the Defendant's responses to the Court's questions, the Court found that the Defendant understood the nature of the charge and the consequences of pleading guilty.

The Court also informed the Defendant, pursuant to the requirements of *Federal Rule of Criminal Procedure* 11(c)(3), (c)(4), of the constitutional and other legal rights he was forfeiting by pleading guilty. After thoroughly explaining these issues and hearing and considering the Defendant's responses, the Court found that the Defendant understood his constitutional and other legal rights.

The Court then inquired of the Defendant, pursuant to *Rule* 11(d), to ensure that the Defendant's plea was voluntary. After hearing and considering the Defendant's responses, the Court found that the Defendant's plea was voluntary.

The Defendant executed a written plea of guilty which was witnessed by his counsel and ordered filed by the Court. The Court **ACCEPTED** the Defendant's plea, but **DEFFERED** an adjudication of guilt pending receipt of the presentence investigation report. The Court **ORDERS** that the previously scheduled trial date in this matter is **VACATED**.

The Court **ORDERS** that the Probation Office prepare and forward a draft presentence report to the United States and counsel for the Defendant no later than **March 30, 2020**; that the United States Attorney and counsel for the Defendant file objections to the draft presentence report no later than **April 13, 2020**; that the Probation Office submit a final presentence report to the Court no later than **April 27, 2020**; and that the United States and counsel for the Defendant file a sentencing memorandum no later than **May 4, 2020**. **THE AFORESAID PRESENTENCE REPORT DEADLINES HAVE BEEN ESTABLISHED BY THE COURT AND MAY BE ALTERED ONLY BY THE COURT. REQUESTS TO EXTEND ANY DEADLINE SHALL BE SUBMITTED TO THE COURT IN WRITING IN ADVANCE OF THE ESTABLISHED DEADLINE. SUCH DEADLINES WILL BE EXTENDED ONLY UPON GOOD CAUSE SHOWN.**

Pursuant to *United States v. Booker*, 543 U.S. 220 (2005) and *United States v. Hughes*, 401 F.3d 540 (4th Cir. 2005), the Government and the Defendant are hereby **ORDERED** to file sentencing memoranda addressing the sentencing factors set forth in 18 U.S.C. § 3553(a). The memoranda may also address such other matters not previously addressed in the form of motions or objections to the Presentence Report and may include argument as to the appropriate sentence to be imposed. Sentencing memoranda shall be no more than five (5) pages in length.

The Court **ORDERS** that final disposition of this matter be scheduled for **May 11, 2020 at 10:00 a.m.**, and that the Defendant be released upon the previously executed non-surety bond, subject to the conditions set forth in the Order Setting Conditions of Release previously filed herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: February 4, 2020

Frank W. Volk
United States District Judge